■ JONATHAN GOLDSTEIN, Appellant-Respondent, v NANCY MAZZA et al., Respondents, and LAWRENCE SAFTLER, Respondent-Appellant. — Appeals by plaintiff (1) from an order of the Supreme Court, Nassau County (Altimari, J.), dated July 2, 1981, which, *inter alia,* in effect denied his motion to enter a default judgment and for an assessment of damages upon condition that defendants pay $600 costs and re-serve their answer within 10 days after service of a copy of the order with notice of entry and (2) from a further order of the same court, dated July 21, 1981, which granted reargument, reduced the costs awarded to $400, and otherwise adhered to the original determination. Defendant Saftler cross-appeals from so much of the order of July 21, 1981 as granted $400 in costs. Appeal from the order of July 2, 1981 dismissed. That order was superseded by the order granting reargument. Order dated July 21, 1981, modified, on the law, by deleting the provisions reducing the costs awarded to $400 and otherwise adhering to the original determination, and substituting therefor provisions (1) vacating the order dated July 2, 1981 insofar as it denied plaintiff's motion as against the defendants Mazza, (2) granting plaintiff's motion for leave to enter a default judgment and for an assessment of damages as against the Mazzas, and (3) denying the motion as to defendant Saftler on condition that he pay plaintiff the sum of $500 and re-serve his answer. As so modified, order affirmed. Defendant Saftler's time to pay the $500 is extended until 10 days after service upon him of a copy of the order to be made hereon, with notice of entry. His answer shall be served within 10 days after said payment. In the event the conditions are not complied with, then the motion is also granted as to defendant Saftler. The action as against the Mazzas is severed and the matter is remitted to the Supreme Court, Nassau County, for an assessment of damages as against them. Plaintiff is awarded one bill of $50 costs and disbursements payable by defendants Mazza. It was an improvident exercise of discretion to deny plaintiff's motion to enter a default judgment against the defendants Mazza since their seven-month default in appearing was totally unexcused. On the other hand the defendant Saftler, who appeared *pro se,* was only 12 days in default in serving his answer. His default in answering was neither lengthy nor willful and plaintiff has shown no prejudice as a result thereof. Under such circumstances Special Term was warranted in opening his default upon the condition that he pay an award of costs to plaintiff (cf. *A & J Concrete Corp. v Arker,* 78 AD2d 689, affd 54 NY2d 870; *Cockfield v Apotheker,* 81 AD2d 651). It is our opinion, however, that the costs awarded were insufficient to the extent indicated. Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.