■ In the Matter of ANTOINE C., a Child Alleged to be Abandoned. LATISHA C., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent.—Order, Family Court, New York County (Mary Bednar, J.), entered on or about January 31, 1990, terminating appellant's parental rights, and committing care and custody of the child Antoine C. to the Commissioner of Social Services and to petitioner Catholic Home Bureau For Dependent Children, unanimously affirmed, without costs.

Appellant defaulted at the inquest held on September 11th, 1989, after which findings of fact were entered, along with an order of disposition. On October 2, 1989, appellant moved to vacate her default. The motion was granted only to the extent of vacating the order of disposition, but denied wherein it sought to vacate the findings of fact. A dispositional hearing *de novo* was held on December 8, 1989, at which time appellant appeared and was permitted to present evidence. The court determined that the best interests of Antoine required termination of appellant's parental rights. Appellant contends that it was error for the court to have vacated the original dispositional order, without a concommitant vacatur of the findings of fact.

In order to vacate the default with respect to the findings of fact, appellant must demonstrate not only a reasonable excuse for the default, but also a meritorious defense *(Matter of "Male" Jones,* 128 AD2d 403), neither of which she has done here. Her excuse for not attending court on the day of the hearing was specious and she failed to offer any valid explanation for her complete failure to contact her child during the entire time of his foster care placement. The evidence was conclusive that appellant had abandoned her child for the requisite six months prior to the filing of the petition, pursuant to Social Services Law § 384-b (4) (b).

We have examined appellant's remaining contentions, and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.