■ In the Matter of the Guardianship of LINDAY E. and Others, Children Alleged to be Abandoned. LEAKE & WATTS CHILDREN'S HOME, Respondent; WILSON P., Appellant.—Order of the Family Court, New York County (Jeffry Gallet, J.), entered July 10, 1990, finding, following respondent's default at the fact-finding hearing, that respondent had abandoned the four subject children pursuant to Social Services Law § 384-b (4) (b), and terminating respondent's parental rights, unanimously affirmed, without costs. Order of the same court and Justice, denying respondent's motion to vacate his default

at the fact-finding hearing, entered March 20, 1990, and the fact-finding order entered February 13, 1990, unanimously affirmed, without costs.

On January 4, 1989, the agency petitioned for the termination of respondent's parental rights with respect to the four subject children, on the ground of permanent neglect pursuant to Social Services Law § 384-b (4) (b). Respondent, who was incarcerated, was produced pursuant to court order on November 21, and December 12, 1989. On the next scheduled return date, respondent was not produced, on his counsel's representation that respondent waived his appearance. The fact-finding hearing was concluded that same day, in respondent's absence.

Respondent subsequently wrote to the court stating that his instructions to counsel had not been followed, and that he intended to waive his appearance only at settlement conferences. At oral argument on the motion, respondent made an offer of proof that if he were called to testify, he would state that he wrote a letter to the Department of Social Services within 6 months prior to the filing of the petition on January 4, 1989.

Family Court was correct in denying the motion, on the ground that respondent has not established a meritorious defense as a matter of law. "In order to vacate the default with respect to the findings of fact, appellant must demonstrate not only a reasonable excuse for the default, but also a meritorious defense *(Matter of 'Male' Jones*, 128 AD2d 403)" *(Matter of Antoine C.*, 176 AD2d 524). Even assuming, as Family Court did, that a reasonable excuse for the default was established, the writing of one letter was not sufficient contact to avoid granting the petition, and thus respondent did not establish a meritorious defense.

In *Matter of Crawford* (153 AD2d 108, 111), this court held that "it is a parent's obligation to *maintain* contact with the child or the agency. A single communication which merely serves to initiate contact is insufficient to meet the legal burden imposed on the parent to avoid termination of parental rights."

We discern no error in Family Court's determination that termination of respondent's parental rights was in the best interest of the children. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.