In the Matter of MALE H., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; CECELIA H., Appellant.

Respondent failed to appear in court on April 24, 1990, when the petition to terminate her parental rights came on for trial. Her counsel was warned that the matter would proceed, in her absence if necessary, on the adjourned date. On May 31, the adjourned date, respondent again defaulted, and the court proceeded, in her absence, with the fact-finding and dispositional hearings. The court thereupon determined that respondent had permanently neglected the subject child and that her parental rights should be terminated.

Respondent moved to vacate her default, asserting that she had become lost on the trains, which were running late. As for a meritorious defense, she claimed that she had maintained contact with the child, had entered drug rehabilitation pro-

grams in 1988 and 1989 (there was no claim that she had successfully completed the programs), and had completed a program in parenting skills on February 23, 1990.

Family Court granted the motion only to the extent of vacating the dispositional hearing, correctly finding that respondent failed to establish either a reasonable excuse or a meritorious defense *(Matter of Linday E.,* 177 AD2d 276). Respondent's excuse was contrived, unsubstantiated, and palpably incredible in view of the fact that she had traveled to the courthouse in the same manner on previous occasions. Nor did respondent demonstrate that she had successfully completed any drug rehabilitation program, obtained psychiatric treatment, found suitable housing, or would be able to interact normally with the subject child. Accordingly, her defense on the issue of neglect lacked merit. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.