■ KEY BANK OF SOUTHEASTERN NEW YORK, Respondent, v ELIZABETH F. LAMMERS, Appellant. [595 NYS2d 243] —In an action to recover damages for breach of a retail installment contract, the defendant appeals from an order of the Supreme Court, Dutchess County (Benson, J.), entered January 9, 1991, which granted the plaintiff's motion for leave to enter a default judgment.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, without costs or disbursements, and the motion is denied.

This action was initially commenced in the Civil Court, New York City but then discontinued and recommenced, by stipulation, in the Supreme Court, Dutchess County. After the *pro se* defendant timely served an answer, a pretrial conference was scheduled for September 26, 1990. Pursuant to court instructions, the plaintiff informed the defendant of the scheduled conference by a letter dated September 13, 1990. When the defendant failed to appear, the court directed the plaintiff to make the instant motion for leave to enter a default judg-

ment. In opposition, the defendant submitted an affidavit stating, *inter alia,* that she was confused as to whether proceedings had been commenced in Dutchess County and that she was unable to attend the conference for medical reasons. The court granted the motion based solely on the defendant's "complete failure to offer a reasonable excuse" for failing to appear at the conference.

We agree with the trial court that the defendant's medical proof, consisting of two notes from doctors, was insufficient to conclusively establish that she was unable to attend the conference on the particular date in question. Nevertheless, the record suggests that the *pro se* defendant intended to participate in the proceedings and that her default was not intentional or the result of bad faith. Moreover, it appears that the defendant may have a colorable defense. Considering that the default was based solely on the defendant's failure to attend the initial pretrial conference, we find that the Supreme Court improvidently exercised its discretion in directing entry of a default judgment *(see, Meyer v A & B Am.,* 160 AD2d 688; *Mann v Mann,* 149 AD2d 669; *Du-Art Film Labs. v Wharton Intl. Films,* 91 AD2d 572; *Conklin v Conklin,* 90 AD2d 817; *Goldstein v Mazza,* 88 AD2d 987; *Matter of Behncke,* 253 App Div 835). Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.