■ In the Matter of DONALD LL., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA NN., Appellant. [620 NYS2d 538] —Crew III, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered October 14, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Donald LL. a permanently neglected child, and terminated respondent's parental rights.

Petitioner commenced this proceeding in July 1992 seeking, *inter alia,* to have Donald LL. (born in Aug. 1988) adjudicated a permanently neglected child. Neither respondent nor Donald's father appeared at the September 1992 hearing scheduled in this matter; Family Court deemed respondent and the child's father to be in default and the matter was adjourned. Thereafter, in January 1993, respondent appeared before Family Court and indicated that she wished to be relieved of her default. Family Court appointed counsel and respondent subsequently moved by order to show cause to open the default and proceed with a hearing on the underlying petition.* Family Court denied respondent's application but permitted her to appear and testify at the dispositional hearing, at the conclusion of which Family Court adjudicated Donald a permanently neglected child and terminated respondent's parental rights. This appeal by respondent followed.

Respondent, as so limited by her brief, contends that Family Court abused its discretion in denying her application to vacate her default. We cannot agree. In order to vacate the default, respondent was required to demonstrate both a reasonable excuse for the default and a meritorious defense *(see, Matter of Linday E.*, 177 AD2d 276). This respondent failed to do. Although respondent averred that she did not appear at

---

* As of January 1993, no fact-finding hearing had been conducted. Additionally, at some point prior to this date, Family Court opened the default with respect to Donald's father and permitted him to answer the petition and appear in this matter.

the initial hearing because she did not fully appreciate the nature of this proceeding, such a vague and conclusory explanation does not, in our view, constitute a reasonable excuse for the default. Additionally, even accepting respondent's explanation in this regard, respondent nevertheless failed to demonstrate a meritorious defense. Although respondent averred that she had entered an alcohol rehabilitation program in hopes of reestablishing a relationship with her son, it does not appear that respondent successfully completed that program (see, Matter of Male H., 179 AD2d 384, lv dismissed, lv denied 79 NY2d 1026). Further, respondent's claim that she was unable to attend scheduled meetings with petitioner due to transportation problems was both conclusory and unsubstantiated. Accordingly, we cannot say that Family Court abused its discretion in denying respondent's application in this regard.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.