■ In the Matter of BYKYA MINNIE E., Also Known as BYKYRA E., a Child Alleged to be Abandoned. ST. DOMINIC'S HOME, Respondent; MICHAEL E., Appellant. [622 NYS2d 256] —Order, Family Court, New York County (Leah Marks, J.), entered August 17, 1993, which revoked a suspended judgment entered September 23, 1992 on the grounds that respondent had failed to substantially comply with the terms of said order and terminated respondent's parental rights following a fact-finding determination of abandonment entered May 14, 1992 pursuant to an inquest; and order of the same court and Judge entered September 26, 1994, which denied respondent's motion to vacate the default judgment of abandonment, unanimously affirmed, without costs.

Clear and convincing evidence established that respondent had abandoned his child where he failed to contact her or the agency for the six month period immediately prior to the filing of the petition (Social Services Law § 384-b [4] [b]). Since undisputed evidence was presented that respondent substantially failed to comply with his obligations under the suspended judgment, including drug testing, psychological evaluation and parenting classes, the court properly revoked the suspended judgment *(Matter of Israel R.,* 200 AD2d 498). Since the testimonial evidence was contradictory, credibility was for the court to assess and its assessment is entitled to the greatest respect *(Matter of Irene O.,* 38 NY2d 776, 777). The evidence at the dispositional hearing supported the finding that the best interests of the child required the termination of

parental rights and that she be freed for adoption, even where such finding resulted in the separation of siblings *(Matter of Shaka Efion C.,* 204 AD2d 740).

The court properly exercised its discretion in denying vacatur of the finding of abandonment made following an inquest since respondent did not timely file his motion to vacate (CPLR 5015 [a] [1]) and did not establish either a valid excuse for his nonappearance or a meritorious defense *(Matter of Male H.,* 179 AD2d 384). The court also properly rejected as unsupported respondent's contention that he had received ineffective assistance of counsel where the evidence revealed that he had received meaningful representation *(see, People v Baldi,* 54 NY2d 137). Concur—Wallach, J. P., Rubin, Kupferman and Tom, JJ.