■ TRACEY KREBS et al., Respondents, v GUSTAVO CABRERA et al., Appellants. [671 NYS2d 995] —In an action to recover damages, *inter alia*, for sexual abuse, the defendants appeal from an order of the Supreme Court, Queens County (Durante, J.), dated April 30, 1997, which denied their motion for leave to vacate their default in appearing at a pretrial conference.

Ordered that the order is reversed, the motion is granted, the default is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendants' counsel was granted leave to withdraw from

this action by order dated September 11, 1995. A pretrial conference was held on January 28, 1997, at which time the defendants were held in default for their failure to appear and the matter was referred for an inquest on damages to be held on February 10, 1997. The plaintiffs' counsel sent a letter to the defendant Gustavo Cabrera notifying him of the inquest, and Cabrera appeared *pro se* at the inquest.

The Supreme Court improvidently exercised its discretion in denying the defendants' motion to be relieved of the consequences of their default in appearing át the pretrial conference. The defendants' assertion that they did not receive notice constitutes a valid and reasonable excuse for their failure to appear at the pretrial conference (*see, Domlin Hair Design v La Duca*, 134 AD2d 403; *Conklin v Conklin*, 90 AD2d 817). We find that the defendants' default was not intentional or the result of bad faith (*see, Key Bank v Lammers*, 191 AD2d 615; *Goldstein v Mazza*, 88 AD2d 987). Furthermore, the defendants have a colorable defense.

Accordingly, the defendants' motion for leave to vacate their default in appearing at the pretrial conference is granted, and the matter is remitted to the Supreme Court, Queens County, to decide the action on the merits. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.