■ In the Matter of NELLIE R. SANTIAGO et al., Respondents, v GLADYS SANTIAGO, Appellant, et al., Respondent. [712 NYS2d 629] —In a proceeding pursuant to Election Law § 16-102, *inter alia,* to invalidate a petition designating Gladys Santiago as a candidate in a primary election to be held on September 12, 2000, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 17th Senate District and the party position of Female Member of the Democratic State Committee for the 54th Assembly District, Gladys Santiago appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated August 8, 2000, which denied her motion to vacate a final order of the same court dated August 1, 2000, which, upon her failure to appear or answer, granted the petition.

Ordered that the order is reversed, on the facts, without costs or disbursements, the motion is granted, the final order dated August 1, 2000, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

We find that the appellant was present at the courthouse on August 1, 2000, the return date of the order to show cause seeking to invalidate the petition designating her as a candidate for State Senator for the 17th Senate District and the party position of Female Member of the Democratic State Committee for the 54th Assembly District. However, due to congestion in the courtroom, the appellant was detained downstairs and subsequently missed the calendar call of her case.

The record suggests that the appellant, appearing *pro se*, intended to participate in the proceedings and that her default was not intentional or the result of bad faith (*see, Krebs v Cabrera,* 250 AD2d 736, 737; *Key Bank v Lammers,* 191 AD2d 615, 616). Moreover, it appears that the appellant may have a colorable defense (*see, Key Bank v Lammers, supra,* at 616).

Accordingly, the appellant's motion to vacate the judgment entered upon her alleged default in appearing at the hearing is granted, and the matter is remitted to the Supreme Court, Kings County, to decide the proceeding on the merits. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.