■ VYDEHHI REDDY et al., Respondents, v PRESTIGE CONSTRUCTION, INC., et al., Appellants. [730 NYS2d 527] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from (1) a trial ruling of the Supreme Court, Orange County (Green, J.), dated June 20, 2000, which denied their motion for a mistrial, (2) a judgment of the same court, entered July 3, 2000, upon their default in appearing at trial, which, after an inquest, is in favor of the plaintiffs and against them in the principal sum of $217,104, and (3) an order of the same court, dated July 21, 2000, which denied their motion, in effect, to vacate the judgment.

Ordered that the appeal from the trial ruling is dismissed as no appeal lies from a trial ruling (*see, Savarese v City of New York Hous. Auth.,* 172 AD2d 506); and it is further,

Ordered that the appeal from the judgment is dismissed as no appeal lies from a judgment entered upon the default of the appealing party (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, the judgment is vacated, and the matter is remitted to the Supreme Court, Orange County, for a new trial; and it is further,

Ordered that the appellants are awarded one bill of costs.

Upon the failure of the defendants' counsel to appear after

the trial commenced, the plaintiffs moved for the entry of a default judgment. The Supreme Court granted the motion on the issue of liability, and scheduled an inquest on the issue of damages. A judgment was entered, and the defendants then moved, in effect, to vacate the judgment.

The defendants contend that their attorney had a reasonable excuse for not appearing at the trial. The defendants informed the court that their attorney had a heart problem, was on a heart monitor, and was under his physician's instructions not to participate in any trials or any other activity that would be stressful. The defendants' attorney called the court and informed it that he had bypass surgery in April 1995 and that his physician advised him that if he had any angina pain he was to seek medical attention immediately. The court advised him to obtain substitute counsel or to appear himself the next day for trial. As a sole practitioner, the defendants' attorney could not obtain substitute counsel on such short notice. Thereafter, the attorney's cardiologist faxed a letter to the court reiterating his advice that he not engage in any stressful activity. The court still insisted that the trial proceed and that the defendants could proceed *pro se*. The defendant Kumar Chawla, who speaks very little English, said he could not proceed and the corporate defendant, Prestige Construction, Inc., was unrepresented. Under these circumstances, the defendants' default was excusable as it was neither intentional nor caused by bad faith. Thus, the court improperly granted the plaintiff's motion for a default judgment (*see, Santiago v Santiago,* 275 AD2d 429; *Key Bank v Lammers,* 191 AD2d 615). Goldstein, J. P., Friedmann, McGinity and Adams, JJ., concur.