■ In the Matter of TIFFANY L., a Child Alleged to be Neglected. ST. VINCENT'S SERVICES, INC., Respondent; MILDRED L., Appellant. [746 NYS2d 389] —In a proceeding pursuant to

Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Pearce, J.), dated April 12, 2000, which, after fact-finding and dispositional hearings, upon her default in appearing at the fact-finding hearing, and upon denying her motion to vacate her default, terminated her parental rights and transferred custody and guardianship of the subject child to the Commissioner of Social Services of the City of New York and the petitioner St. Vincent's Services, Inc., for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly denied the mother's motion to vacate her default in appearing at the fact-finding hearing. To vacate the default, the mother had to provide a reasonable excuse for her default and offer a meritorious defense to the proceeding (*see* CPLR 5015 [a] [1]; *Matter of Willie Mays J.,* 287 AD2d 504). The mother's alleged incarceration at the time the hearing was scheduled does not constitute a reasonable excuse since she failed to notify her attorney or the court of her imprisonment (*see Matter of Raymond Anthony A.,* 192 AD2d 529, 530). Moreover, the mother could not establish a meritorious defense to the charge of permanent neglect since she failed to overcome her drug addiction which was the original reason the child was taken from her and placed in foster care (*see Matter of Maldrina R.,* 219 AD2d 723).

Additionally, the evidence presented at the dispositional hearing supports the Family Court's determination that the child's best interests would be served by freeing her for adoption (*see Matter of Star Leslie W.,* 63 NY2d 136, 148). The mother claims that when the Family Court became aware that she was incarcerated, it should have granted her application for a mistrial and started the dispositional hearing anew. We disagree. The Family Court gave the mother an opportunity to testify and present evidence, and the mother had sufficient time to request a transcript of the hearing minutes and recall the caseworker. Accordingly, the Family Court acted properly in denying the application for a mistrial. Ritter, J.P., Altman, Adams and Crane, JJ., concur.