■ In the Matter of KINDRA B., a Child Alleged to be Neglected. MIRACLE MAKERS, INC., Respondent; RACHEL B., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of KORREL KEYNAN B., a Child Alleged to be Neglected. MIRACLE MAKERS, INC., Respondent; RACHEL B., Appellant, et al., Respondent. (Proceeding No. 2.) [745 NYS2d 74] —In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Richmond County (Porzio, J.), both dated December 20, 2000 (one as to each child), which, upon an order of the same court, dated November 30, 2000, denying her

application to vacate her default in appearing at the fact-finding hearing and to restore the matter to the calendar, inter alia, terminated her parental rights, and committed the children to the guardianship and custody of Commisioner of Social Services of the City of New York and Miracle Makers, Inc. The appeals from the orders of fact-finding and disposition bring up for review the order dated November 30, 2000 (see Matter of Aho, 39 NY2d 241, 248).

Ordered that the notice of appeal from the order dated November 30, 2000 is deemed a premature notice of appeal from the orders of fact-finding and disposition dated December 20, 2000 (see CPLR 5520 [c]); and it is further,

Ordered that the orders of fact-finding and disposition are reversed, without costs or disbursements, the mother's application is granted, the order dated November 30, 2000 is vacated, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

The children Kindra B. and Korrel Keynan B. were placed in the custody of the Commissioner of Social Services in 1996 following a finding of neglect against their parents, Rachel B. and Bruce B. The children were placed in foster care, and, in 1999, the foster care agency filed petitions to terminate parental rights on the ground of permanent neglect. The father has not appeared in these proceedings and is not involved in these appeals.

Although the fact-finding and dispositional orders were entered upon the mother's alleged default in appearing at the fact-finding hearing, appellate review of the issues raised in the order dated November 30, 2000, which were brought up for review on the appeals from the fact-finding and dispositional orders (see CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248), is not precluded because the mother may obtain review of "matters which were the subject of contest below" (James v Powell, 19 NY2d 249, 256 n 3).

The fact-finding hearing was scheduled to commence at 9:00 A.M. on November 30, 2000. When the mother failed to appear by 10:30 A.M., the Family Court granted her attorney's application to be relieved and commenced the fact-finding hearing. The sole witness was the agency's caseworker. The Family Court made a finding of permanent neglect and immediately held a dispositional hearing, where the only witness was the same caseworker. The Family Court, in a ruling from the bench, terminated parental rights and freed the children for adoption. The record does not indicate at what time the dispositional hearing ended. The orders terminating the

mother's parental rights were not issued until December 20, 2000.

At 11:00 A.M. on November 30, 2000, the mother, who by then had arrived at the courthouse, filed a pro se application with the Clerk in which she requested that the matter be "restored" to the calendar and the dispositional order be vacated. In her application, the mother explained that she was late arriving in New York from Georgia because the bus in which she was traveling had trouble in Virginia.

The mother was not called into the courtroom until after the dispositional hearing ended. A court officer advised the Family Court that the mother had checked in at 11:00 A.M. There is no indication in the record that the agency attorney or the Law Guardian were still in the courtroom or were aware of the mother's application. The court denied the mother's application on the ground that the evidence of neglect was overwhelming, and she failed to offer a reasonable excuse for her failure to appear on time.

The circumstances do not establish a genuine default by the mother. The record reveals that she previously appeared in court on this matter, and her counsel appeared on November 30, 2000. Although not raised by the mother, we note that it was improper for the Family Court to permit her attorney to withdraw from the case without notice to her (*see Matter of Tierra C.*, 227 AD2d 994; CPLR 321 [b] [2]; *see also Wong v Wong*, 213 AD2d 399).

In any event, assuming that the circumstances established a genuine default, we conclude that the Family Court erred in denying the mother's request to restore the matter to the calendar. To vacate her default, the mother was required to demonstrate a reasonable excuse for her failure to appear and a meritorious defense to the proceedings (*see Matter of Vanessa M.*, 263 AD2d 542; *Matter of Geraldine Rose W.*, 196 AD2d 313). The mother resided in Georgia, and had previously traveled to New York for these proceedings. Therefore, her claim that the bus was delayed should not have been summarily rejected. In response to the court's comment that the evidence against her was overwhelming, the mother responded that she completed all the programs required of her and that she had done everything she was ordered to do by the previous Family Court Judge involved in these matters. In view of the fact that the only testimony offered at the hearings was from a caseworker who had been assigned to the case just two weeks before the hearings, and the importance of the rights at issue, the mother's allegation was sufficient, under the circumstances of

this case, to warrant restoring the matter to the calendar. Accordingly, the matter is remitted to the Family Court, Richmond County, for new fact-finding and dispositional hearings and the assignment of new counsel for the mother, if necessary. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.