■ In the Matter of Nathan Bradley et al., Respondents, v S. Kenneth Evans, Appellant, et al., Respondents. [746 NYS2d 617]

The record demonstrates confusion as to whether the title and/or index number of this proceeding was read when the calendar was called on the return date of the order to show cause by which it was commenced. It is clear that the appellant was in the courtroom at the time the calendar was called and intended to participate in the proceedings. Under the circumstances, it cannot be concluded that the appellant was in default, and even if he was, the record indicates that his default was not intentional or the result of bad faith (*see Matter of Santiago v Santiago,* 275 AD2d 429; *Krebs v Cabrera,* 250 AD2d 736, 737; *Key Bank of Southeastern N.Y. v Lammers,* 191 AD2d 615, 616). Moreover, it appears that the appellant may have a colorable defense (*see Key Bank of Southeastern N.Y. v Lammers, supra* at 616).

Accordingly, the appellant's motion to vacate so much of the final order invalidating so much of the petition as designated him as a candidate, entered upon his failure to appear at the hearing, is granted, and the matter is remitted to the Supreme Court, Kings County, to decide the proceeding on the merits insofar as it relates to the appellant. Prudenti, P.J., Florio, McGinity, Crane and Cozier, JJ., concur.