ALBERT SIMMONS, Respondent, v RAFAEL PANTOJA, Appellant. [760 NYS2d 881] —In an action to recover on a promissory note, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered September 19, 2002, which denied his motion to vacate an order of the same court entered August 2, 2002, which sua sponte struck his answer for failure to appear at two conferences and to comply with court-ordered disclosure, and (2) a judgment of the same court dated December 5, 2002, which is in favor of the plaintiff and against him in the principal sum of $85,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is granted, the order entered August 2, 2002, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant's assertion that he did not receive notice of the scheduled preliminary conference on February 19, 2002, constitutes a valid and reasonable excuse for his failure to appear at that conference (*see Lohmann v Castleton Gallery,* 252 AD2d 482, 483 [1998]; *Krebs v Cabrera,* 250 AD2d 736, 737 [1998]). The defendant appeared pro se at the courthouse on July 17, 2002, for a scheduled compliance conference but was late due to congestion in the courthouse caused by a metal detector. The record reveals that the defendant intended to participate in that compliance conference, and that his default was not intentional or the result of bad faith (*see Matter of Bradley v Evans,* 297 AD2d 392, 393 [2002]; *Matter of Santiago v Santiago,* 275 AD2d 429, 430 [2000]; *Key Bank of Southeastern N.Y. v Lammers,* 191 AD2d 615, 616 [1993]).

There was no showing that the defendant's delay or alleged failure, if any, to comply with a disclosure order dated April 12, 2002, was willful, contumacious, or in bad faith (*see Byrne v City of New York,* 301 AD2d 489 [2003]; *Ploski v Riverwood Owners Corp.,* 284 AD2d 316, 317 [2001]; *Harris v City of New York,* 211 AD2d 663, 664 [1995]). In addition, the defendant has a meritorious defense (*see Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Matter of Stralem,* 303 AD2d 120 [2003]; *Federal Natl. Mtge. Assn. v Youkelsone,* 303 AD2d 546 [2003]).

Accordingly, the defendant's motion to vacate the order entered August 2, 2002, should have been granted. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.