■ In the Matter of VENUS MELODY R.-W., a Child Alleged to be Neglected. AMY W., Appellant; ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES et al., Respondents. [771 NYS2d 650]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about May 25, 2001, which terminated the parental rights of respondent mother and the presumed legal father to the subject child upon a fact-finding determination of permanent neglect, and committed the child to the custody and guardianship of petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Petitioner established, by clear and convincing evidence, that the mother failed, for years prior to the initiation of this proceeding, to plan for the future of her child (date of birth, March 27, 1993) (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]), and failed, even at the dispositional hearing, to offer a genuine acknowledgment of responsibility for the dangerous and sexually abusive circumstances she had tolerated leading to the child's removal from her custody (*see Matter of Sonia H.*, 177 AD2d 575, 576-577 [1991]). This conduct amounted to permanent neglect, which respondent mother failed to address adequately despite petitioner's diligent efforts to encourage and strengthen the parental relationship. Just like the "little boy approaching his sixth birthday" in *Dutchess County Dept. of Social Servs. v G.* (141 Misc 2d 641, 653 [1988], *affd sub nom. Matter of Travis Lee G.*, 169 AD2d 769 [1991]), Venus, too, "needs a safe and permanent home. This need overrides all else . . . ." (141 Misc 2d at 653.) Like Travis G., Venus has had the benefit of living in the same foster home throughout these proceedings since 1996; and, as in *G.*, "the proof is virtually absolute that [respondent] ha[s], by [her] own actions, eluded effective treatment so that [she] can[not] be entrusted with [Venus's] safety" (*id.*).

Therefore, the interests of the child, who has lived in a loving and stable environment for seven years, are best served by the termination of parental rights (*see Matter of Star Leslie W.*, 63 NY2d at 147-148; *Matter of Safiya M.*, 309 AD2d 527 [2003]).

The record does not support the contention of the mother, who received meaningful legal representation throughout these proceedings (see *People v Benevento*, 91 NY2d 708, 712 [1998]; *Matter of Bykya Minnie E.*, 212 AD2d 365, 365-366 [1995], *lv dismissed in part and denied in part* 85 NY2d 964 [1995]), that there were evidentiary errors which violated her due process rights. Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.