■ In the Matter of Daquan Malik B. Commissioner of Social Services of City of New York et al., Respondents; Chinelle Lashawn T., Appellant. (Proceeding No. 1.) In the Matter of Natasha T. Commissioner of Social Services of City of New York et al., Respondents; Chinelle Lashawn T.,

Appellant. (Proceeding No. 2.) [774 NYS2d 382]—In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of (1) an order of fact-finding and disposition of the Family Court, Queens County (Hunt, J.), dated April 1, 2003, in Proceeding No. 1, as, after fact-finding and dispositional hearings, and upon an order of the same court dated August 8, 2002, denying her motion to vacate her default in appearing at the hearings, terminated her parental rights with respect to the child Natasha T. on the ground of permanent neglect, and transferred custody of the child to the petitioners Leake and Watts Children's Services and the Commissioner of Social Services of the City of New York for the purpose of adoption, and (2) an order of fact-finding and disposition of the same court, dated April 1, 2003, in Proceeding No. 2, as, after fact-finding and dispositional hearings, and upon the order dated August 8, 2002, terminated her parental rights with respect to the child Daquan Malik B., and conditionally transferred custody of the child to the petitioners Leake and Watts Children's Home and the Commissioner of Social Services of the City of New York for the purpose of adoption. The appeals from the orders of fact-finding and disposition bring up for review the order dated August 8, 2002.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The orders of fact-finding and disposition were entered upon the mother's alleged default in appearing at the fact-finding and dispositional hearings. However, the order dated August 8, 2002, is brought up for review on the appeals from the orders of fact-finding and disposition (*see* CPLR 5501 [a] [1]; *Matter of Aho,* 39 NY2d 241, 248 [1976]). Appellate review is not precluded because the mother may obtain review of "matters which were the subject of contest below" (*James v Powell,* 19 NY2d 249, 256 n 3 [1967]; *see Matter of Kindra B.,* 296 AD2d 456, 457 [2002]).

Contrary to the mother's contention, CPLR 5015 (a) is the proper statute under which her motion to vacate the orders of fact-finding and disposition must be reviewed (*see Matter of Raymond Anthony A., Jr.,* 192 AD2d 529, 530 [1993]). A party seeking to vacate an order of the Family Court entered upon his or her default must establish that there was a reasonable excuse for the default and a meritorious defense (*see Matter of Glenna Arianna Patricia J-P.,* 303 AD2d 588 [2003]; *Matter of Tiffany L.,* 294 AD2d 365, 366 [2002]). The mother failed to demonstrate either of these requirements. Accordingly, the Family

Court providently exercised its discretion in declining to vacate her defaults (*see Matter of Glenna Arianna Patricia J-P., supra* at 588-589; *Matter of Raymond Anthony A., Jr., supra*). Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.