■ In the Matter of VANESSA F. EDWARD GOULD SERVICES FOR CHILDREN & FAMILIES, Respondent; VANESSA F., Appellant. [779 NYS2d 917]—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Turbow, J.), dated February 21, 2003, which, after fact-finding and dispositional hearings, and upon an order of the same court dated June 28, 2002, denying her motion to vacate her default in appearing at the hearings, terminated her parental rights and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The order of fact-finding and disposition was entered upon the mother's alleged default in appearing at the fact-finding and dispositional hearings. However, the order dated June 28, 2002, is brought up for review on the appeal from the order of fact-finding and disposition (*see* CPLR 5501 [a] [1]; *Matter of Aho,* 39 NY2d 241, 248 [1976]). "Appellate review is not precluded because the mother may obtain review of 'matters which were the subject of contest below' " (*Matter of Daquan Malik B.,* 6 AD3d 428 [2004], quoting *James v Powell,* 19 NY2d 249, 256 n 3 [1967]; *Matter of Kindra B.,* 296 AD2d 456, 457 [2002]).

The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court (*see Matter of Samaria Ann B.,* 293 AD2d 532 [2002]; *Matter of Latisha I.,* 238 AD2d 340 [1997]). A party seeking to vacate such an order must establish that there was a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Daquan Malik B., supra; Matter of Tiffany L.,* 294 AD2d 365, 366 [2002]). We agree with the Family Court that the mother's conclusory, unsupported allegations failed to demonstrate either of these requisite elements (*see Matter of Glenna Arianna Patricia J-P.,* 303 AD2d 588 [2003]; *Matter of James Edward M., III,* 250 AD2d 685 [1998]).

The mother's due process and equal protection claims are unpreserved for appellate review (*see Matter of Female D.,* 296 AD2d 408 [2002]; *Matter of Tiffany A.,* 295 AD2d 288 [2002];

*Matter of Derrick T.M.,* 286 AD2d 938 [2001]) and, in any event, are without merit. Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.