■ In the Matter of LISA DORIA, Respondent, v JOSEPH DORIA, Appellant. [807 NYS2d 129]—In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Nassau County (Robbins, J.), dated January 13, 2005, which denied the father's motion to vacate a permanent order of protection of the same court (Ayres, J.), dated December 13, 2004, entered upon his default in appearing for a hearing.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is reversed, on the facts and as an exercise of discretion, without costs or disbursements, the motion is granted, the permanent order of protection dated December 13, 2004, is vacated, and the temporary order of protection dated November 3, 2004, is reinstated, to continue in effect until January 30, 2006.

The father established a reasonable excuse for his default in appearing at a hearing on the mother's petition for an order of protection against him, as well as a meritorious defense to the petition. Accordingly, the Family Court's denial of the father's motion to vacate the permanent order of protection entered upon his default was an improvident exercise of its discretion (*see Matter of Butterworth v Sperber*, 6 AD3d 530 [2004]; *Matter of Martin v Martin*, 239 AD2d 698 [1997]; *Louis v Louis*, 231 AD2d 612 [1996]; *cf. Mastro v Mastro*, 114 AD2d 1014 [1985]). Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.