■ In the Matter of TARIK R. BEY, Respondent, v VIRGINIA PEREZ, Appellant. [833 NYS2d 613]—

In a proceeding pursuant to Family Court Act article 6, which was heard in the Supreme Court (*see* 22 NYCRR 41.1), the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Morgenstern, J.), dated August 16, 2006, as denied those branches of her motion which were to vacate two orders of the same court, both dated August 1, 2006, entered upon her default in appearing or answering, transferring custody of the parties' child to the father and suspending the father's child support obligation pending the mother's return to New York, respectively.

Ordered that the order dated August 16, 2006 is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the motion which were to vacate the orders dated August 1, 2006 are granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings before a different justice in accordance herewith.

In August 2003 a child was born to the petitioner father and the appellant mother. In March 2004, after mutual allegations of domestic abuse, the parties agreed that the mother would have custody of the child and the father would have visitation. On March 22, 2004 an order was entered to that effect. In December 2005 the father commenced this proceeding alleging that the mother had fled to Puerto Rico with the child and that he had been denied his visitation. The mother appeared on the petition by her attorney. The Supreme Court issued a warrant for her arrest, directed her attorney to contact her by telephone, and adjourned the matter. On the adjourned date, the mother appeared again by her attorney. Counsel asserted, inter alia, that the mother had fled to Puerto Rico because of continued domestic violence and threats by the father, and that the mother opposed the father's petition but had been unable to either timely answer or appear due to severe financial constraints and the limitations of technology in the area where she was living.

The court, finding the mother in default, issued two orders that same day. The first transferred custody of the child to the father, and the second suspended the father's child support obligation pending the mother's return to New York. The court denied requests by the mother's counsel, inter alia, to permit the mother to appear by telephone and for a hearing. In the order appealed from, the Supreme Court, inter alia, denied those branches of mother's motion which were to vacate the orders entered upon her default. We reverse insofar as appealed from.

Initially, we disagree with the Supreme Court's conclusion that the mother defaulted on the petition (*see* CPLR 321; *Matter of Kindra B.*, 296 AD2d 456 [2002]; *Matter of Tyrell M.*, 283 AD2d 500 [2001]). In any event, even if the mother had defaulted, in support of her motion to vacate her default, the mother demonstrated both a reasonable excuse for the default and a meritorious defense (*see* Domestic Relations Law § 75 [2]; § 240 [1]; *Matter of Wissink v Wissink*, 301 AD2d 36 [2002]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the mother's motion to vacate the orders entered on her default. Consequently, we remit the matter to the Supreme Court, Queens County, for further proceedings before a different justice. Such proceedings should include a determination of whether the Supreme Court has exclusive, continuing jurisdiction over issues of custody and/or visitation (*see* Domestic Relations Law § 76-a), and, if so, whether such jurisdiction should be exercised on the facts presented (*see* Domestic Relations Law § 76-f). If such jurisdiction is found and exercised, the court is to determine how best to proceed in order to reach a determination on the merits (*see* Domestic Relations Law art 5-A; *DeJac v DeJac*, 17 AD3d 1066 [2005]).

The mother's remaining contentions on appeal need not be reached in light of our determination. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.