■ CLAUDE ANDRE, Appellant, v CLEMENT JONES et al., Respondents, et al., Defendants. [838 NYS2d 61]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 9, 2006, which granted defendants' motion to vacate the order dated December 6, 2005, precluding them from offering evidence at trial, unanimously affirmed, without costs.

Defendants' explanations for their failure to appear for three compliance conferences, i.e., that they believed they were represented by attorneys who had been substituted in place of their original, but since suspended, attorney, and were not notified of the conferences, are reasonable and adequate to support their motion for vacatur of the order of preclusion entered in consequence of their nonappearances (*see Simmons v Pantoja*, 306 AD2d 399 [2003]). While plaintiff's attorney sent letters notifying defendants of the two latter court dates, the record indicates that they were sent to an incorrect address.

The claim that the complained-of acts by defendant Clement Jones were performed in self-defense sets forth a defense sufficiently meritorious for the purpose of vacatur (*see* CPLR 5015 [a] [1]; *see Tat Sang Kwong v Budge-Wood Laundry Serv.*, 97 AD2d 691 [1983]). Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.