■ In the Matter of ANNA CORAL DEL. SCO FAMILY OF SERVICES, Respondent; BARBARA C.K., Appellant. (Proceeding No. 1.) In the Matter of NICHOLAS WILLIAM DEL. SCO FAMILY OF SERVICES, Respondent; BARBARA C.K., Appellant. (Proceeding No. 2.) In the Matter of JIMMY ELMER DEL. SCO FAMILY OF SERVICES, Respondent; BARBARA C.K., Appellant. (Proceeding No. 3.) [856 NYS2d 180]—In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of three orders of disposition (one as to each child) of the Family Court, Queens County (Hunt, J.), all dated April 26, 2006, as, after fact-finding and dispositional hearings, upon an order of fact-finding of the same court dated March 30, 2004, upon her default in appearing at the dispositional hearing, and upon an order of the same court dated March 16, 2006, denying her motion to vacate her default, terminated her parental rights and transferred custody and guardianship of the children to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

The orders of disposition were entered upon the mother's default in appearing at the dispositional hearing. However, the orders dated March 30, 2004 and March 16, 2006, are brought up for review on the appeal from the orders of disposition (see CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248 [1976]). "Appellate review is not precluded because the mother may obtain review of 'matters which were the subject of contest below' " (Matter of Daquan Malik B., 6 AD3d 428, 429 [2004], quoting James v Powell, 19 NY2d 249, 256 n 3 [1967]; Matter of Kindra B., 296 AD2d 456, 457 [2002]).

Contrary to the mother's contentions, the presentment agency established that it made diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b [7] [f]; Matter of Deajah Shabri T., 44 AD3d 1060, 1061 [2007]). The Family Court's finding of permanent neglect was supported by clear and convincing evidence (see Matter of Star Leslie W., 63 NY2d 136, 140 [1984]).

The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court (see Matter of Coates v Lee, 32 AD3d 539 [2006]; Matter of Vanessa F., 9 AD3d 464, 464-465 [2004]). A

parent seeking to vacate such an order in a termination of parental rights proceeding must establish that there was a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Matter of Miguel M.-R.B.,* 36 AD3d 613, 614 [2007]; *Matter of Vanessa F.,* 9 AD3d 464, 465 [2004]). The mother failed to demonstrate either of these requisite elements in her motion to vacate the orders of disposition (*see Matter of Miguel M.-R.B.,* 36 AD3d at 614; *Matter of Ricky V.,* 4 AD3d 368, 368-369 [2004]; *Matter of Male H.,* 179 AD2d 384, 385 [1992]).

The mother's remaining contentions are without merit. Ritter, J.P., Santucci, Angiolillo and Carni, JJ., concur.