In a family offense proceeding pursuant to Family Court Act article 8, the wife appeals from an order of the Family Court, Queens County (O’Connor, J.), dated May 7, 2009, which denied her motion pursuant to CPLR 5015 (a) (1) to vacate an order of protection of the same court dated May 6, 2009, entered upon her default in appearing for a hearing.
Ordered that the order dated May 7, 2009, is reversed, on the facts and as an exercise of discretion, without costs or disbursements, the wife’s motion pursuant to CPLR 5015 (a) (1) to vacate the order of protection dated May 6, 2009, is granted, the order of protection dated May 6, 2009, is vacated, a temporary order of protection of the Family Court, Queens County, dated April 13, 2009, is reinstated, and the matter is remitted to the *1014 Family Court, Queens County, for further proceedings consistent herewith.
The parties were scheduled to appear in the Family Court, Queens County, on May 6, 2009, in connection with a family offense petition which the husband had filed against the wife. The wife was present at the courthouse on the morning of May 6, 2009, and was accompanied by a new attorney. However, when the matter was called at approximately 11:30 a.m., neither the wife nor her new attorney appeared. Although the wife’s attorney of record informed the Family Court that he had met with the wife’s new attorney earlier that morning, and that the wife intended to request that her new attorney be substituted as her attorney of record, the Family Court, without conducting any inquiry to determine why the wife and her new attorney were not present, proceeded to conduct a brief hearing on the husband’s petition. At the conclusion of the hearing, the Family Court signed a final order of protection which directed, inter alia, that the wife stay away from the marital residence, where she had previously resided with the husband, the parties’ now-seven-year-old daughter, and the wife’s now-14-year-old son.
The wife and her new attorney learned that a final order of protection had been issued in favor of the husband at approximately noon, while they were in the Family Court Clerk’s office filing family offense and custody petitions on the wife’s behalf. Later that afternoon, the wife moved by order to show cause to vacate the final order of protection entered upon her default. In support of the motion, both the wife and her new attorney explained that they had checked in with a court officer at about 10:30 a.m., and had then informed both the court officer and the wife’s attorney of record that they had to notarize the petitions that the wife was preparing to file. The wife also alleged in her supporting affidavit that the husband was verbally and emotionally abusive toward her, and denied that she had physically assaulted him during the argument which precipitated his filing of a family offense petition against her. The Family Court denied the wife’s motion. We reverse.
The circumstances of this case do not establish a genuine default by the wife (see Matter of Kindra B., 296 AD2d 456, 458 [2002]; Matter of Cleveland W., 256 AD2d 1151 [1998]; see also Matter of Bey v Perez, 39 AD3d 631, 632 [2007]; Matter of Tyrell M., 283 AD2d 500, 501 [2001]; Matter of Sales v Gisendaner, 272 AD2d 997 [2000]). It is clear from the record that the wife appeared in Family Court with a new attorney on the morning of May 6, 2009, intending to fully participate in this proceeding, and that the wife’s attorney of record was present when the matter was called.
*1015 In any event, even assuming that the circumstances established a genuine default, the Family Court improvidently exercised its discretion in denying the wife’s motion to vacate the final order of protection entered upon her default. The wife moved to vacate the final order of protection on the same day it was issued, and her explanation that she and her attorney were in the process of filing family offense and custody petitions on her behalf when the matter was called was a reasonable excuse for her failure to appear (see Matter of Kindra B., 296 AD2d at 458; Matter of Martin v Martin, 239 AD2d 698, 699 [1997]). It is also clear that the wife’s default was not wilful (see Ito v Ito, 73 AD3d 983 [2010]; Matter of Santiago v Santiago, 275 AD2d 429, 430 [2000]), and her affidavit in support of her motion to vacate was sufficient to demonstrate the existence of a potentially meritorious defense to the husband’s petition, and to the issuance of a final order of protection effectively excluding her from the marital residence. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.