■ In the Matter of HANIFYA MUHAMMADU, Respondent, v TROY BARCIA, Appellant. [955 NYS2d 123]—

In a family offense proceeding pursuant to Family Court Act article 8, Troy Barcia appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Lubow, J.), dated November 22, 2011, as denied that branch of his motion which was pursuant to CPLR 5015 (a) (1) to vacate a final order of protection of the same court dated October 5, 2011, entered upon his default in appearing for a hearing.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the motion pursuant to CPLR 5015 (a) (1) to vacate the final order of protection dated October 5, 2011, is granted, the order of protection dated October 5, 2011, is vacated, a temporary order of protection of the Family Court, Queens County, dated September 16, 2011, is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.

In a family offense petition dated August 8, 2011, the petitioner alleged that the appellant committed family offenses against her, including, inter alia, attempted assault, assault in the second or third degree, aggravated harassment in the second degree, harassment in the first or second degree, menacing, sexual abuse, and forcible touching. A temporary order of protection was issued that same day by a Court Attorney Ref-

eree, to remain in effect until and including August 15, 2011. On August 15, 2011, the parties appeared before the Court Attorney Referee, and issue was joined, the appellant requested court-appointed counsel, and the temporary order of protection was continued. On August 18, 2011, following a conference, the Family Court assigned both parties counsel and continued the temporary order of protection. On September 16, 2011, both parties again appeared, and the petitioner arrived with retained counsel, relieving her court-appointed attorney. The Family Court agreed to schedule a trial and there was a discussion as to whether to set the trial for October 5 or October 7, 2011. The trial was finally scheduled for October 5, 2011, and the Family Court continued all temporary orders.

On October 5, 2011, the appellant failed to appear. However, his court-appointed counsel did appear, denied knowing why his client had not appeared, explaining that he had spoken with the appellant a mere two days before the hearing, and requested an adjournment. The Family Court, without conducting any inquiry to determine why the appellant was not present, proceeded to conduct a hearing on the petition, and issued a final order of protection.

The appellant moved, inter alia, to vacate the final order of protection issued upon his default, arguing that he misunderstood when the hearing was to be held and thought he was to appear on October 7, 2011, instead of October 5, 2011. The appellant also denied the allegations contained in the petition and contended that they had been fabricated by the petitioner. The Family Court denied the appellant's motion.

The Family Court improvidently exercised its discretion in denying that branch of the appellant's motion which was to vacate the final order of protection entered upon his default. The appellant moved to vacate the final order of protection shortly after it was issued, and his explanation that he had made a mistake as to the court appearance date was reasonable (see Matter of Dos Santos v Dos Santos, 76 AD3d 1013, 1015 [2010]; Liotti v Peace, 15 AD3d 452, 453 [2005]; Matter of Kindra B., 296 AD2d 456, 458 [2002]). It is also clear that the appellant's default was not willful (see Ito v Ito, 73 AD3d 983 [2010]; Matter of Santiago v Santiago, 275 AD2d 429, 430 [2000]), and his affidavit in support of his motion, inter alia, to vacate the final order of protection was sufficient to demonstrate the existence of a potentially meritorious defense to the petition, and to the issuance of a final order of protection effectively excluding him from the parties' shared residence.

The parties' remaining contentions are without merit or need not be addressed in light of our determination.

Accordingly, the Family Court should have granted that branch of the appellant's motion which was to vacate the final order of protection, and we remit the matter to the Family Court, Queens County, for further proceedings on the petition. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.