■ In the Matter of BRENDA-MARIE GASTALDI, Respondent, v PETER GASTALDI, Appellant. (Proceeding No. 1.) In the Matter of PETER GASTALDI, Appellant, v BRENDA-MARIE GASTALDI, Respondent. (Proceeding No. 2.) [3 NYS3d 91]—

Appeal from an order of the Family Court, Richmond County (Arnold Lim, J.), dated April 22, 2014. The order denied the motion of Peter Gastaldi pursuant to CPLR 5015 (a) (1) to vacate (1) an order of that court dated December 12, 2013, which dismissed his family offense petition against Brenda-Marie Gastaldi, (2) an order of fact-finding and disposition of that court dated December 13, 2013, which granted Brenda-Marie Gastaldi's family offense petition against him, and (3) a related final order of protection against him dated December 13, 2013, all of which were entered on his failure to appear for an adjourned hearing date.

Ordered that the order dated April 22, 2014, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the appellant's motion pursuant to CPLR 5015 (a) (1) to vacate the order dated December 12, 2013, the order of fact-finding and disposition dated December 13, 2013, and the final order of protection dated December 13, 2013, is granted, those orders are vacated, and the matter is remitted to the Family Court, Richmond County, for further proceedings on the parties' family offense petitions.

A party seeking to vacate an order entered upon his or her default is required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action or defense (*see* CPLR 5015 [a]; *Matter of Mongitore v Linz*, 95 AD3d 1130 [2012]; *Matter of Dos Santos v Dos Santos*, 76 AD3d 1013, 1015 [2010]).

Under the particular circumstances of this case, we find that the Family Court improvidently exercised its discretion in denying the appellant's timely motion to vacate his default in appearing at an adjourned hearing date with respect to Brenda-Marie Gastaldi's petition for an order of protection against him, as well as with respect to his cross petition for an order of protection against her. The appellant established a reasonable excuse for his failure to appear. Further, the record reflects that the appellant's failure to appear was not willful, and it was a one-time occurrence. The appellant also established a potentially meritorious defense to Brenda-Marie Gastaldi's family offense petition and a potentially meritorious cause of action with respect to his cross petition (*see Matter of Muhammadu v Barcia*, 100 AD3d 904, 905 [2012]; *Matter of Dos Santos v Dos Santos*, 76 AD3d at 1015; *Matter of Doria v Doria*, 24 AD3d 760 [2005]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.