■ DAYTON TOWERS CORP., Respondent, v HARRY KATZ, Appellant. [619 NYS2d 570] —In an action, *inter alia*, to recover damages for harassment, the defendant appeals (1) from an order of the Supreme Court, Queens County (Durante, J.), dated March 17, 1993, which denied his motion to vacate a

default judgment entered against him, and (2) from an order of the same court, dated May 21, 1993, which denied the defendant's motion, denominated a motion for reargument and renewal of his motion to vacate the default judgment, but which was, in actuality, a motion for reargument. Justice Bracken has been substituted for Justice Lawrence, who has recused himself (see, 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated May 21, 1993, is dismissed; and it is further,

Ordered that the order dated March 17, 1993, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the order dated May 21, 1993, must be dismissed because, although the defendant denominated the motion as one for renewal and reargument, the motion court properly treated it as a motion to reargue. No appeal lies from an order denying reargument (see, DeFreitas v Board of Educ., 129 AD2d 672, 673).

Although generally the courts favor the determination of controversies on their merits, in order to be entitled to vacatur of a default judgment, it is incumbent upon the defendant to show that the default was excusable, and that he or she has a meritorious defense (see, Abrams v Abrams, 56 AD2d 775). The defendant's "excuse" for his default amounted to no more than his own failure to keep himself apprised of his court dates. Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in concluding that this was not a reasonable excuse. The defendant's affidavit and exhibits also fail to demonstrate a meritorious defense (see, James v Hoffman, 158 AD2d 398). We therefore find that the Supreme Court, Queens County, properly denied the defendant's motion to vacate the default judgment. Bracken, J. P., O'Brien, Copertino and Friedmann, JJ., concur.