■ In the Matter of NICOLE MARIE MONGITORE, Respondent, v JESSE A. LINZ, Appellant. [943 NYS2d 899]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated January 14, 2011, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate an order of protection of the same court dated August 17, 2010, entered upon his default in appearing at a hearing.

Ordered that the order dated January 14, 2011, is affirmed, without costs or disbursements.

A party seeking to vacate an order entered on default must establish that there was a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Matter*

*of Gustave-Francois v Francois*, 88 AD3d 881 [2011]; *Matter of Coates v Lee*, 32 AD3d 539 [2006]; *Matter of Vanessa F.*, 9 AD3d 464 [2004]). Here, the father had failed to appear for a hearing on the mother's family offense petition. In moving to vacate the resulting order of protection entered on his default, the father provided a reasonable excuse for his failure to appear, but no potentially meritorious defense to the petition. His conclusory assertion that he had a meritorious defense was insufficient (*see Matter of Atkin v Atkin*, 55 AD3d 905 [2008]). The father's remaining contention with respect to the Family Court's denial of his motion is without merit. Consequently, the Family Court did not err in denying the father's motion (*see Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Matter of Iris R.*, 295 AD2d 521, 522 [2002]; *Matter of Shirley C.*, 145 AD2d 631, 632 [1988]). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.