■ In the Matter of SILVIA T. NUNEZ, Respondent, v RONALD H. LOPEZ, Appellant. [959 NYS2d 454]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Kings County (Shafer, J.H.O.), dated November 3, 2011, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate a final order of protection of the same court dated December 2, 2010, entered upon his default in appearing for a hearing.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* Family Ct Act § 1112 [a]); and it is further,

Ordered that the order dated November 3, 2011, is affirmed, without costs or disbursements.

A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition (*see* CPLR 5015 [a] [1]; *Matter of Mongitore v Linz*, 95 AD3d 1130 [2012]; *Matter of Territo v Keane*, 55 AD3d 744 [2008]; *Matter of Doria v Doria*, 24 AD3d 760 [2005]). The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court (*see Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]; *Matter of Atkin v Atkin*, 55 AD3d 905 [2008]; *Matter of Coates v Lee*, 32 AD3d 539 [2006]). Here, the father failed to demonstrate a reasonable excuse for his default and, in any event, failed to demonstrate a potentially meritorious defense to the petition. Accordingly, the Family Court properly denied his motion (*see Matter of Mongitore v Linz*, 95 AD3d at 1131; *Matter of Territo v Keane*, 55 AD3d at 745). Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.