In the Matter of JULIE IDIERU, Respondent, v ALBERTOLD JEANPIERRE, Appellant. [996 NYS2d 700]—

Appeal from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated April 11, 2014. The order denied the father's motion to vacate an order of protection which was entered upon his failure to appear at a hearing.

Ordered that the order is affirmed, without costs or disbursements.

"A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (*Matter of Nunez v Lopez*, 103 AD3d 803, 804 [2013]; *see* CPLR 5015 [a] [1]; *Matter of Mongitore v Linz*, 95 AD3d 1130 [2012]). "The determination of whether to relieve a party of an order

entered upon his or her default is within the sound discretion of the Family Court" (*Matter of Nunez v Lopez*, 103 AD3d at 804; *see Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]).

Here, the father failed to demonstrate a reasonable excuse for his failure to appear on the scheduled hearing date (*see Matter of Gloria Marie S.*, 55 AD3d 320 [2008]; *cf. Matter of Kindra B.*, 296 AD2d 456 [2002]), and his conclusory assertions were insufficient to constitute a potentially meritorious defense (*see Matter of Mongitore v Linz*, 95 AD3d 1130 [2012]; *Matter of Atkin v Atkin*, 55 AD3d 905 [2008]). Accordingly, the Family Court did not improvidently exercise its discretion by denying the father's motion to vacate the order of protection entered upon his default. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.