■ In the Matter of SIMONE WILLIAMS, Respondent, v DEBORAH WILLIAMS, Appellant. [49 NYS3d 535]—

Appeal by Deborah Williams from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated November 17, 2015. The order denied the motion of Deborah Williams to vacate an order of protection that was entered against her and in favor of her sister upon her failure to appear at a hearing.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the appellant's motion to vacate the subject order of protection is granted, and the matter is remitted to the Family Court, Queens County, for further proceedings on the family offense petition.

In this family offense proceeding, the Family Court issued an order of protection against the appellant and in favor of her sister upon the appellant's failure to appear at a hearing. The appellant moved to vacate the order of protection entered upon her default, and the Family Court denied her motion.

"A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (*Matter of Nunez v Lopez*, 103 AD3d 803, 804 [2013]; *see* CPLR 5015 [a] [1]; *Matter of Idieru v Jeanpierre*, 122 AD3d 852, 852 [2014]; *Matter of Mongitore v Linz*, 95 AD3d 1130, 1130 [2012]). "The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court" (*Matter of Nunez v Lopez*, 103 AD3d at 804; *see Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]).

The Family Court improvidently exercised its discretion in denying the appellant's motion to vacate the order of protection entered upon her default in appearing at the hearing. The appellant showed no willfulness or intent to default, where she was minimally tardy to the hearing, and the tardiness might have been due, at least in part, to crowded conditions at the courthouse, she attended prior court appearances, she engaged in motion practice through her attorney, and she participated in multiple preparatory conferences with her attorney (see Matter of Morales v Marma, 88 AD3d 722, 723 [2011]; Simmons v Pantoja, 306 AD2d 399, 400 [2003]; Matter of Santiago v Santiago, 275 AD2d 429, 430 [2000]; see also Matter of Muhammadu v Barcia, 100 AD3d 904, 905 [2012]; Matter of Dos Santos v Dos Santos, 76 AD3d 1013, 1015 [2010]). Also, the appellant moved to vacate the order of protection relatively soon after it was issued. Under the circumstances, the appellant demonstrated a reasonable excuse for her failure to appear at the hearing. Further, the appellant demonstrated a potentially meritorious defense to the petition.

Accordingly, we reverse the order appealed from, grant the appellant's motion to vacate the order of protection entered upon her default, and remit the matter to the Family Court, Queens County, for further proceedings on the family offense petition. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.