■ In the Matter of KIMBERLY S.K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIMBERLY K., Appellant, et al., Respondent. In the Matter of KIRSTIN J.K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIMBERLY K., Appellant, et al., Respondent. In the Matter of KRISTIN K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIMBERLY K., Appellant, et al., Respondent. [51 NYS3d 895]—Appeal by the mother from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated February 24, 2016. The order denied the mother's motion to vacate certain orders of protection that were entered against her upon her failure to appear at a hearing.

Ordered that the order is affirmed, without costs or disbursements.

In these proceedings, the Family Court issued orders of protection against the mother and in favor of her children upon the mother's failure to appear at a hearing. In the order on appeal, the court denied the mother's motion to vacate the orders of protection entered upon her default.

A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition (*see* CPLR 5015 [a] [1]; *Matter of Williams v Williams*, 148 AD3d 917 [2017]; *Matter of Idieru v Jeanpierre*, 122 AD3d 852, 852 [2014]; *Matter of Nunez v Lopez*, 103 AD3d 803, 804 [2013]; *Matter of Mongitore v Linz*, 95 AD3d 1130, 1130 [2012]). " 'The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court' " (*Matter of Williams v Williams*, 148 AD3d at 917, quoting *Matter of Nunez v Lopez*, 103 AD3d at 804; *see Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009]). Here, the Family Court providently exercised its discretion in denying the mother's motion to vacate the orders of protection entered upon her default in appearing at the hearing, as the mother failed to establish that she had a potentially meritorious defense to the petitions. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.