■ In the Matter of LATORIA McKINNEY, Respondent, v NICKIBA JONES, Appellant. [54 NYS3d 304]—

Appeal by Nickiba Jones from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated January 28, 2016. The order denied her motion to vacate an order of protection that was entered against her after an inquest upon her failure to appear at a scheduled court date.

Ordered that the order is affirmed, without costs or disbursements.

In this family offense proceeding, the Family Court issued an order of protection against the appellant and in favor of the petitioner and the petitioner's children upon the appellant's failure to appear for a scheduled court date. The appellant moved to vacate the order of protection, and the Family Court denied her motion.

A respondent seeking to vacate an order of protection entered upon his or her failure to appear on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition. The determination of whether to relieve a party of an order entered upon that party's default is within the sound discretion of the Family Court (see CPLR 5015 [a] [1]; *Matter of Williams v Williams*, 148 AD3d 917 [2017]; *Matter of Jade Yun Hon v Tin Yat Chin*, 126 AD3d 904 [2015]; *Matter of Idieru v Jeanpierre*, 122 AD3d 852 [2014]; *Matter of Nunez v Lopez*, 103 AD3d 803 [2013]). Here, the Family Court providently exercised its discretion in

denying the appellant's motion to vacate the order of protection entered upon her default, as the appellant failed to demonstrate a reasonable excuse for her default, and, in any event, failed to demonstrate a potentially meritorious defense to the petition. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.