Appeal from an order of the Family Court, Kings
 

 County (llana Gruebel, J.), dated June 29, 2016. The order denied the father’s motion to vacate, inter alia, an order of fact-finding and disposition of that court dated March 8, 2016, which, upon his failure to appear at a fact-finding hearing and after an inquest, found that he neglected the subject children.
 

 Ordered that the order dated June 29, 2016, is affirmed, without costs or disbursements.
 

 In March 2015, the Administration for Children’s Services filed petitions pursuant to Family Court Act article 10, alleging that the father neglected the subject children by perpetrating acts of domestic violence against their mother. Thereafter, the mother filed a family offense petition and a custody petition against the father. On March 7, 2016, the father was not present for a fact-finding hearing, and the Family Court proceeded to an inquest. After the mother testified, and upon the father’s default, the court issued orders relating to all of the proceedings, finding, among other things, that the father neglected the children. The father later moved to vacate the orders, offering as an excuse for his failure to attend the fact-finding hearing that he was feeling ill. The court denied his motion, and the father appeals.
 

 The Family Court providently exercised its discretion in denying the father’s motion to vacate the orders entered upon his default. The father did not demonstrate a reasonable excuse for his failure to attend the fact-finding hearing, since his excuse that he was feeling ill was unsupported by medical evidence (see Matter of Paul G.D.H. [Yvonne H.], 147 AD3d 699 [2017]; Matter of Li Wong v Fen Liu, 121 AD3d 692, 693 [2014]; Matter of Raphanello J.N.L.L. [Rasheem L.], 119 AD3d 580 [2014]; Matter of Menesha B., 306 AD2d 22 [2003]). Since the father did not establish a reasonable excuse for his default, we need not reach the issue of whether he presented a potentially meritorious defense (see Matter of Kimberly S.K. [Kimberly K.], 138 AD 3d 853 [2016]).
 

 The father’s remaining contentions are either without merit or not properly before this Court.
 

 Rivera, J.P., Cohen, Miller and Barros, JJ., concur.