Matter of Lando v Lando (2018 NY Slip Op 02622)





Matter of Lando v Lando


2018 NY Slip Op 02622


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-10703
 (Docket No. O-13394-15)

[*1]In the Matter of Mikhail Lando, respondent, 
v
Kira Lando, appellant.


Carol Kahn, New York, NY, for appellant.
Richard Cardinale, Brooklyn, NY, for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Kira Lando appeals from an order of the Family Court, Kings County (Dean Kusakabe, J.), dated September 22, 2016. The order denied the appellant's motion to vacate an order of protection that was entered against her after an inquest upon her failure to appear at a hearing.
ORDERED that the order dated September 22, 2016, is affirmed, without costs or disbursements.
The parties were married in 1963 and divorced in 2011. The petitioner commenced this family offense proceeding in May 2015, and was granted a temporary order of protection against the appellant. The appellant failed to appear at the hearing. After inquest, the Family Court found that the petitioner established by a fair preponderance of the evidence that the appellant committed acts constituting family offenses enumerated in Family Court Act § 812. The court further found aggravating circumstances pursuant to Family Court Act § 827 and entered an order of protection directing the appellant to stay away from the petitioner and observe stated conditions of behavior for a period of five years. The appellant subsequently moved to vacate the order of protection entered upon her default, and in the order appealed from, the court denied the motion.
"A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of Nunez v Lopez, 103 AD3d [*2]803, 804; see CPLR 5015[a][1]; Matter of Mongitore v Linz, 95 AD3d 1130). Here, the appellant's conclusory assertions were insufficient to constitute a potentially meritorious defense (see Matter of Mongitore v Linz, 95 AD3d at 1131; Matter of Atkin v Atkin, 55 AD3d 905). Accordingly, the Family Court properly denied the appellant's motion to vacate the order of protection entered upon her default.
The appellant's remaining contentions are without merit.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court