Matter of Stephanie F. v Leon H. (2018 NY Slip Op 06531)





Matter of Stephanie F. v Leon H.


2018 NY Slip Op 06531


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08771
 (Docket No. O-2539-14)

[*1]In the Matter of Stephanie F. (Anonymous), respondent, 
v
Leon H. (Anonymous), appellant.


Rhea G. Friedman, New York, NY, for appellant.
Francine Scotto, Staten Island, NY, for respondent.
Marc A. Berk, Staten Island, NY, attorney for the children.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated July 25, 2017. The order denied the father's motion to vacate a final order of protection that was entered against him upon his default after he failed to timely appear at a continued hearing.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of two children. In June 2014, the mother commenced this family offense proceeding against the father, and was granted a temporary order of protection against him in favor of herself and the children. On February 27, 2015, the father failed to appear in court for a scheduled conference. The proceeding was adjourned to May 5, 2015, and a notice of inquest was sent to the father. On May 5, 2015, the father appeared in court and the matter was adjourned to June 8, 2015. On June 8, 2015, he failed to appear in court, and, after inquest, the Family Court found that the mother established by a fair preponderance of the evidence that the father committed acts constituting a family offense enumerated in Family Court Act § 812. The court further found aggravating circumstances, and entered an order of protection directing the father, inter alia, to stay away from the mother and the children and observe stated conditions of behavior for a period of five years. The father subsequently moved to vacate the order of protection entered upon his default, and the court granted that motion.
On January 11, 2017, the father failed to timely appear in court for a continued hearing on the family offense petition. Upon his default, the Family Court, in effect, reissued the prior final order of protection on the same terms, subject to any other Supreme Court or Family Court orders. The father moved to vacate the final order of protection entered upon his default. The father's motion was "dismissed" after he failed to appear in court on the return date. On March 9, 2017, the father again moved to vacate the final order of protection, and in the order appealed from, the court denied the motion.
"A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the [*2]default and a potentially meritorious defense to the petition" (Matter of Nunez v Lopez, 103 AD3d 803, 804; see CPLR 5015[a][1]; Matter of Mongitore v Linz, 95 AD3d 1130). Here, the father failed to demonstrate a reasonable excuse for his failure to timely attend the continued hearing (see Matter of Tamel D. [Curtiz J.-Tanisha R.B.]., 156 AD3d 695, 696; Matter of Paul G.D.H. [Yvonne H.], 147 AD3d 699, 699; Matter of Jurow v Cahill, 56 AD3d 559; Matter of Territo v Keane, 55 AD3d 744), and his conclusory assertions were insufficient to constitute a potentially meritorious defense (see Matter of Lando v Lando, 160 AD3d 859, 860; Matter of Mongitore v Linz, 95 AD3d 1130, 1131). Accordingly, we agree with the Family Court's denial of the father's motion.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court