Matter of Castellotti v Castellotti (2018 NY Slip Op 06901)





Matter of Castellotti v Castellotti


2018 NY Slip Op 06901


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-11862
 (Docket No. O-342-16)

[*1]In the Matter of Lisa Castellotti, respondent,
v Peter Castellotti, appellant.


J. Kaplan & Associates, PLLC, New York, NY (Jeffrey A. Kaplan and Joseph D. DePalma of counsel), for appellant.
Reed Smith, LLP, New York, NY (Steven Cooper of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Peter Castellotti appeals from an order of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated October 3, 2017. The order, insofar as appealed from, after a hearing, denied his motion pursuant to CPLR 5015(a)(1) to vacate a final order of protection of the same court dated June 7, 2017, entered upon his default in appearing for a hearing.
ORDERED that the order dated October 3, 2017, is affirmed insofar as appealed from, with costs.
The parties, who are siblings, were scheduled to appear in the Family Court at 11:30 a.m. on June 7, 2017, for a continued hearing in connection with a family offense petition that the petitioner had filed against the appellant. The matter was called at approximately 11:36 a.m., and again at approximately 12:17 p.m., but the appellant and his counsel failed to appear. The court proceeded to inquest and entered a final order of protection upon the appellant's default. Subsequently, the appellant moved to vacate his default, asserting, inter alia, that his default was due to his confusion as to the start time of the hearing and that he would have appeared at 11:30 a.m. had he known that the hearing was scheduled to start at that time. The appellant's counsel submitted an affirmation in support of the motion, wherein he asserted that, due to law office failure, he inadvertently provided his client with a 2:30 p.m. start time. The court denied the appellant's motion, finding that he failed to demonstrate a reasonable excuse for his default.
"A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of Nunez v Lopez, 103 AD3d 803, 804; see CPLR 5015[a][1]). "The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court" (Matter of Nunez v Lopez, 103 AD3d at 804). A court has the discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation, although mere neglect is not a reasonable excuse (see Ki Tae Kim v Bishop, 156 AD3d 776, 777; Onewest Bank, FSB v Singer, 153 AD3d 714, 716; Servilus v Walcott, 148 AD3d 743, 744).
Here, the Family Court providently exercised its discretion in determining that the appellant failed to present a reasonable excuse for his default. Confusion or mistake as to a court date does not constitute a reasonable excuse where, as here, the circumstances indicate mere neglect (see Matter of Porscha Monique J., 21 AD3d 415, 416; Dayton Towers Corp. v Katz, 208 AD2d 494, 495). The appellant and his counsel were both present in court when the June 7, 2017, hearing was scheduled, and the court confirmed the 11:30 a.m. start time with the parties and their respective counsel on subsequent occasions. Therefore, under the circumstances of this case, the conclusory, undetailed, and uncorroborated claim of law office failure did not amount to a reasonable excuse (see Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790; Solomon v Ramlall, 18 AD3d 461), particularly since this was not the first time the appellant had missed a scheduled hearing date. In light of our determination, we need not address the issue of whether the appellant demonstrated a potentially meritorious opposition to the petition (see Ki Tae Kim v Bishop, 156 AD3d at 778; Onewest Bank, FSB v Singer, 153 AD3d at 716-717).
Accordingly, the Family Court providently exercised its discretion in denying the appellant's motion to vacate his default.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court