Matter of Strnad v Stevens (2018 NY Slip Op 07737)





Matter of Strnad v Stevens


2018 NY Slip Op 07737


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-12059
 (Docket Nos. V-22713-11/15A, V-22714-11/15A)

[*1]In the Matter of Roger W. Strnad, Jr., respondent,
v
Lesley B. Stevens, appellant.


Carol Kahn, New York, NY, for appellant.
Geanine Towers, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), dated October 26, 2017. The order denied the mother's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated May 23, 2017, which, upon her failure to appear for a hearing, granted the father's petition to modify an order of custody so as to award him sole legal and residential custody of the parties' children.
ORDERED that the order dated October 26, 2017, is affirmed, without costs or disbursements.
The father filed a petition to modify an order of custody so as to award him sole legal and residential custody of the parties' children. Upon the mother's failure to appear for a hearing, the Family Court proceeded to hold an inquest, after which it issued an order granting the father's petition. The mother then moved pursuant to CPLR 5015(a)(1) to vacate the order, arguing that she had a reasonable excuse for her failure to appear in that she had overslept due to a migraine headache, and that she had a potentially meritorious defense to the allegations in the petition. The court denied the mother's motion, and the mother appeals.
The determination whether to relieve a party of a default is a matter left to the sound discretion of the Family Court. In seeking to vacate her default, the mother was required to show a reasonable excuse for her default and a potentially meritorious defense (see CPLR 5015[a][1]; Matter of Anita J.U., 162 AD3d 780; Matter of Makaveyev v Paliy, 160 AD3d 862; Matter of Qwin L.X.P. [Leonard P.], 158 AD3d 698). The court providently exercised its discretion in denying the mother's motion, as she failed to establish a reasonable excuse for her failure to appear at the scheduled hearing. There is insufficient evidence in the record to establish that she was suffering from a medical condition at the time (see Matter of Tamel D. [Curtiz J.—Tanisha R.B.], 156 AD3d 695; Matter of Viergela A., 40 AD3d 630; Matter of Joei R., 302 AD2d 334).
Since the mother did not establish a reasonable excuse for her default, we need not reach the issue of whether she presented a potentially meritorious defense (see Matter of Tamel D. [Curtiz J.—Tanisha R.B.], 156 AD3d at 696; Matter of Nathalie D.N. [Nathaniel H.N.], 149 AD3d 750; Matter of Kimberly S.K. [Kimberly K.], 138 AD3d 853).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court