Matter of Ignatieva v Sullivan (2019 NY Slip Op 00875)





Matter of Ignatieva v Sullivan


2019 NY Slip Op 00875


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-02817
 (Docket No. O-21114-16)

[*1]In the Matter of Alesya Mikhailovna Ignatieva, respondent, 
v
Corey J. Sullivan, appellant.


Christine Theodore, Brooklyn, NY, for appellant.
Steven P. Forbes, Jamaica, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein, Janet Neustaetter, and Lauren Flynn of counsel), attorney for the child Michael N. S.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Kings County (Denise M. Valme-Lundy, Ct. Atty. Ref.), dated February 7, 2018. The order denied the father's motion pursuant to CPLR 5015(a)(1) to vacate a final order of protection that was entered against him after an inquest upon his default in appearing for a scheduled court date.
ORDERED that the order dated February 7, 2018, is affirmed, without costs or disbursements.
The parties have one child in common, and the mother has two other children. In August 2016, the mother commenced this family offense proceeding against the father. On September 8, 2017, the Family Court issued a final order of protection against the father and in favor of the mother and the three children upon the father's failure to appear for a scheduled court date. The father moved to vacate the final order of protection, and the court denied his motion.
A party "seeking to vacate an order of protection entered upon his or her failure to appear on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of McKinney v Jones, 151 AD3d 973, 973; see CPLR 5015[a][1]). Here, the father failed to demonstrate a reasonable excuse for his failure to appear on the scheduled court date (see Matter of Qwin L.X.P. [Leonard P.], 158 AD3d 698, 699; Matter of Tamel D. [Curtiz J.—Tanisha R.B.], 156 AD3d 695, 696; Matter of Jenny F. v Felix C., 121 AD3d 413; Matter of Mariah A. [Hugo A.], 109 AD3d 751; Matter of Dominique Beyonce R. [Maria Isabel R.], 82 AD3d 984, 985; see also Matter of McKinney v Jones, 151 AD3d 973, 973-974; Matter of Jurow v Cahill, 56 AD3d 559, 559-560). Further, his conclusory assertions were insufficient to constitute a potentially meritorious defense (see Matter of Lando v Lando, 160 AD3d 859, 860; Matter of Mongitore v Linz, 95 AD3d 1130, 1131).
Accordingly, we agree with the Family Court's denial of the father's motion. Any contention relating to an alleged inconsistency between the court's oral decision and its written order [*2]should be resolved by a motion made to that court.
The remaining contention raised by the attorney for the child is not properly before this Court.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court