Matter of Aiello v Chaffat (2019 NY Slip Op 07247)





Matter of Aiello v Chaffat


2019 NY Slip Op 07247


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2018-12179
 (Docket Nos. O-14267-15/16A/17B/17C/17D)

[*1]In the Matter of Robert Aiello, respondent,
v
Chantelle Chaffat, appellant.


Kathy A. Polias, Brooklyn, NY, for appellant.
Richard A. Izzo, Brooklyn, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, Chantelle Chaffat appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated September 27, 2018. The order, insofar as appealed from, (1) denied those branches of the appellant's motion which were pursuant to CPLR 5015 to vacate (a) an order of fact-finding and disposition of the same court (Sharon A. Bourne-Clarke, J.) dated August 16, 2017, finding that she committed the family offenses of aggravated harassment in the second degree, harassment in the second degree, and stalking in the fourth degree, and (b) a related order of protection of the same court dated August 15, 2017, both of which were entered after an inquest upon her default in appearing at the fact-finding and dispositional hearings, and (2) denied those branches of the appellant's motion which were pursuant to CPLR 5015(a)(1) to vacate (a) an order of the same court dated September 11, 2017, finding that she violated certain orders of protection, and (b) certain provisions of a related order of protection of the same court, also dated September 11, 2017, both of which were entered after an inquest upon her default in appearing for a scheduled court date.
ORDERED that the order dated September 27, 2018, is affirmed insofar as appealed from, without costs or disbursements.
On June 9, 2015, the petitioner filed a petition against the appellant, alleging that the appellant, with whom he had an intimate relationship, committed certain family offenses. On August 15, 2017, the appellant failed to appear for a scheduled fact-finding hearing. The Family Court conducted an inquest in the appellant's absence, after which the court found that she committed the family offenses of aggravated harassment in the second degree, harassment in the second degree, and stalking in the fourth degree. On August 15, 2017, the court issued an order of protection in favor of the petitioner, and on August 16, 2017, the court issued an order of fact-finding and disposition (hereinafter together the August 2017 orders). On September 11, 2017, the appellant failed to appear for a scheduled court date as to petitions alleging that she violated orders of protection. On that date, the court, after an inquest, issued an order finding that the appellant violated certain provisions of the orders of protection, and also issued an order of protection in favor of the petitioner (hereinafter together the September 2017 orders).
Thereafter, the appellant moved, inter alia, pursuant to CPLR 5015 to vacate the August 2017 orders, and separately moved pursuant to CPLR 5015(a)(1) to vacate the September 2017 orders. In the order appealed from, dated September 27, 2018, the Family Court denied those branches of the appellant's motion which were to vacate the August 2017 orders. The court also [*2]denied the appellant's motion to vacate the September 2017 orders, except that the court vacated portions of the orders to the extent that the order of protection dated September 11, 2017, had directed the appellant to refrain from contacting the petitioner's family members, business associates, friends, and colleagues.
Contrary to the appellant's contention, her failure to appear for the scheduled hearing on August 15, 2017, constituted a default (see Matter of Saporito v Ward, 160 AD3d 651; Matter of Sacks v Abraham, 114 AD3d 799, 800).
"A party seeking to vacate an order of protection entered upon his or her failure to appear on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition'" (Matter of Ignatieva v Sullivan, 169 AD3d 680, 680-681, quoting Matter of McKinney v Jones, 151 AD3d 973, 973). "The determination of whether to relieve a party of an order entered upon that party's default is within the sound discretion of the Family Court" (Matter of McKinney v Jones, 151 AD3d at 973). Here, the appellant failed to demonstrate a reasonable excuse for her failure to appear at the scheduled hearing on August 15, 2017, and the scheduled court date on September 11, 2017 (see Matter of Tyrone F. v Mariah O., 165 AD3d 433; Matter of Matthew C. v Robin B., 162 AD3d 436; Matter of Jade Yun Hon v Tin Yat Chin, 126 AD3d 904; Matter of Davis v Davis, 84 AD3d 1080, 1081-1082). Since the appellant did not have a reasonable excuse for her defaults, this Court need not determine whether she established a potentially meritorious defense to the petitions (see Matter of Kamiyah D.B.V. [Myron B.], 168 AD3d 752, 753).
The appellant's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determinations denying those branches of the appellant's motion which were to vacate the August 2017 orders, and denying the appellant's motion to vacate the September 2017 orders, except to the extent indicated in the order appealed from.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court