Matter of Bongiorno v Samuel (2019 NY Slip Op 07577)





Matter of Bongiorno v Samuel


2019 NY Slip Op 07577


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-13213
 (Docket No. O-07091-18)

[*1]In the Matter of Bozena M. Bongiorno, respondent, 
v
Steve T. Samuel, appellant.


Philip A. Greenberg, P.C., New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Steve T. Samuel appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated October 18, 2018. The order denied Steve T. Samuel's motion pursuant to CPLR 5015(a)(1) to vacate an order of protection that was entered against him, after an inquest, upon his default in appearing for a scheduled court date.
ORDERED that the order is affirmed, without costs or disbursements.
In this family offense proceeding, the Family Court issued an order of protection against the appellant and in favor of the petitioner, after an inquest, upon the appellant's failure to appear for a scheduled court date. The appellant subsequently moved pursuant to CPLR 5015(a)(1) to vacate the order of protection, and the court denied the motion.
"A respondent seeking to vacate an order of protection entered upon his or her failure to appear on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of McKinney v Jones, 151 AD3d 973, 973; see CPLR 5015[a][1]; Matter of Ignatieva v Sullivan, 169 AD3d 680). We agree with the Family Court's determination denying the appellant's motion to vacate the order of protection entered upon his default. As noted by the court, the appellant was advised of the scheduled court date when he was present in court during a prior appearance, and he did not demonstrate a reasonable excuse for his failure to appear on the scheduled court date (see Matter of McKinney v Jones, 151 AD3d at 974; Matter of Idieru v Jeanpierre, 122 AD3d 852, 853). Since the appellant failed to proffer a reasonable excuse for his default, we need not reach the issue of whether he demonstrated a potentially meritorious defense (see Zovko v Quittner Realty, LLC, 162 AD3d 1102, 1104; Bernstein v Geiss, 111 AD3d 774, 775).
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court