Matter of Hines v Baptiste (2019 NY Slip Op 08847)





Matter of Hines v Baptiste


2019 NY Slip Op 08847


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-06937
 (Docket No. O-14240-16/17B)

[*1]In the Matter of Aliyah Hines, respondent,
v
Peterson Jean Baptiste, appellant.


Helene M. Greenberg, Elmsford, NY, for appellant.
Joanne N. Sirotkin, White Plains, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Peterson Jean Baptiste appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), dated January 23, 2018. The order denied his motion pursuant to CPLR 5015(a)(1) to vacate an order of protection that was entered against him, after an inquest, upon his default in appearing at a continued hearing.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding in November 2016, and was granted a temporary order of protection against the appellant. On December 20, 2017, the appellant failed to appear in court for a continued hearing on the family offense petition. After an inquest, the Family Court found that the petitioner established by a fair preponderance of the evidence that the appellant committed acts constituting family offenses enumerated in Family Court Act § 812. The court further found aggravating circumstances pursuant to Family Court Act § 827, and entered an order of protection directing the appellant to stay away from the petitioner and observe stated conditions of behavior for a period of five years. The appellant subsequently moved pursuant to CPLR 5015(a)(1) to vacate the order of protection entered upon his default, and in the order appealed from, the court denied the motion.
"A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of Nunez v Lopez, 103 AD3d 803, 804; see CPLR 5015[a][1]; Matter of Mongitore v Linz, 95 AD3d 1130). Here, the appellant failed to demonstrate a reasonable excuse for his failure to attend the continued hearing (see Matter of Tamel D. [Curtiz J.—Tanisha R.B.]., 156 AD3d 695, 696; Matter of Paul G.D.H. [Yvonne H.], 147 AD3d 699, 699; Matter of Jurow v Cahill, 56 AD3d 559; Matter of Territo v Keane, 55 AD3d 744), and his conclusory assertions were insufficient to constitute a potentially meritorious defense (see Matter of Lando v Lando, 160 AD3d 859, 860; Matter of Mongitore v Linz, 95 AD3d at 1131). Accordingly, we agree with the Family Court's denial of the appellant's motion.
The parties' remaining contentions are without merit.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court