Matter of Harari v Banash (2024 NY Slip Op 03047)

Matter of Harari v Banash

2024 NY Slip Op 03047

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-08920
 (Docket No. O-9739-20)

[*1]In the Matter of Lisa Harari, respondent,
v
Levi Banash, appellant.

Diana Kelly, Jamaica, NY, for appellant.
Heath J. Goldstein, Jamaica, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Levi Banash appeals from an order of the Family Court, Kings County (Caroline Piela Cohen, J.), dated October 20, 2022. The order denied the motion of Levi Banash pursuant to CPLR 5015(a)(1) to vacate (1) an order of protection of the same court (Kathleen C. Waterman, J.) dated October 18, 2021, and (2) an order of fact-finding and disposition of the same court (Kathleen C. Waterman, J.) dated October 21, 2021, inter alia, finding that he committed the family offenses of harassment in the first degree, harassment in the second degree, and aggravated harassment in the second degree, both of which were entered upon his failure to appear at a fact-finding hearing.
ORDERED that the order is affirmed, without costs or disbursements.
"A party seeking to vacate an order of protection entered upon his or her default in appearing for a hearing on a family offense petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition" (Matter of Nunez v Lopez, 103 AD3d 803, 804). "The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court" (Matter of Castellotti v Castellotti, 165 AD3d 926, 927 [internal quotation marks omitted]).
The Family Court providently exercised its discretion in denying the appellant's motion to vacate an order of protection and an order of fact-finding and disposition entered upon his failure to appear at a fact-finding hearing, as he failed to provide a reasonable excuse for his failure to appear (see Matter of McCall v Gonzalez, 207 AD3d 548, 549). Since the appellant did not provide a reasonable excuse for his default, we need not determine whether he had a potentially meritorious defense (see Matter of Aponte v Jagnarain, 205 AD3d 800, 802).
The appellant's remaining contentions are either not properly before this Court or without merit.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court