Matter of Cheung v Kinsey (2025 NY Slip Op 00442)

Matter of Cheung v Kinsey

2025 NY Slip Op 00442

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-09584
 (Docket No. F-6812-18/22B)

[*1]In the Matter of Rachel Cheung, respondent,
v
Tarence Anthony Kinsey, Jr., appellant.

Carol J. Lewisohn, Woodmere, NY, for appellant.
Bryan L. Salamone & Associates, P.C., Melville, NY (Wilton W. Widman, Jr., of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eileen J. Goggin, J.), dated September 13, 2023. The order denied the father's objections to so much of an order of the same court (Lisa M. Williams, S.M.) dated May 30, 2023, as denied, without a hearing, those branches of the father's motion which were to vacate an order of support dated March 8, 2019, and an order of disposition dated September 26, 2022.
ORDERED that the order dated September 13, 2023, is affirmed, without costs or disbursements.
The parties, who were never married, have one child together, born in 2016. In August 2018, Rachel Cheung (hereinafter the mother) commenced three proceedings against Tarence Anthony Kinsey, Jr. (hereinafter the father), in the Family Court: one to adjudicate the father to be the father of the child, one for sole legal and residential custody of the child, and one for child support. In October 2018, after the father failed to appear for preliminary proceedings on the petitions, the mother moved, inter alia, pursuant to CPLR 308(5) to direct an alternative method for service of process by permitting service upon the father by email and follow-up text message because it would be impracticable to personally serve the father, who was residing in Spain. In an order dated October 25, 2018, the Support Magistrate, among other things, granted that branch of the mother's motion. On November 2, 2018, the mother's attorney emailed the father the service package provided by the Family Court. On the same date, the mother followed up with the father by text message, to which the father responded.
On November 28, 2018, the father failed to appear for proceedings. On that same date, the Support Magistrate issued an order of filiation by default and a temporary order of support by default. The temporary order of support by default directed the father to pay basic child support in the sum of $4,044.30 per month. The father failed to appear at subsequent proceedings, and on March 8, 2019, the Support Magistrate issued an order of support on default (hereinafter the support order), which, inter alia, directed the father to pay basic child support in the sum of $4,044.30 per month.
On April 28, 2022, the mother filed a violation petition, which alleged that the father had willfully failed to comply with the terms of the support order. Willfulness proceedings were commenced, at which the father appeared. After a hearing, in an order of disposition dated September 26, 2022 (hereinafter the order of disposition), the Support Magistrate found that the father had willfully failed to comply with the support order and directed that a judgment be entered in favor of the mother and against the father in the principal sum of $149,193.50. The Support Magistrate referred the matter to the Family Court and recommended that the father be incarcerated for a period not to exceed 180 days unless he paid a purge amount of $149,193.50.
By order to show cause filed February 16, 2023, the father moved, inter alia, to vacate the support order and the order of disposition. By order dated May 30, 2023, the Support Magistrate, among other things, denied those branches of the father's motion. In June 2023, the father filed objections to that portion of the Support Magistrate's order. In an order dated September 13, 2023, the Family Court denied the father's objections. The father appeals.
Parties may move to vacate an order or judgment based on excusable default provided that the motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party (see CPLR 5015[a][1]). "A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious claim or defense" (Matter of Dublin v Morris, 224 AD3d 901, 902 [internal quotation marks omitted]; see CPLR 5015[a][1]; Matter of Timothy R. v Laverne S.G., 172 AD3d 866, 867; Matter of Lemon v Faison, 150 AD3d 1003, 1004). "The determination of whether to relieve a party of an order entered upon that party's default is within the sound discretion of the Family Court" (Matter of Dublin v Morris, 224 AD3d at 902 [internal quotation marks omitted]; see Matter of McCall v Gonzalez, 207 AD3d 548, 549; Matter of McKinney v Jones, 151 AD3d 973, 973). Here, that branch of the father's motion which was to vacate the support order was untimely (see CPLR 5015[a][1]).
Moreover, the Family Court correctly determined that the father's arguments regarding whether the Support Magistrate properly granted the mother permission to serve the father by an alternative method for service of process pursuant to CPLR 308(5) were not properly before the Support Magistrate. Those contentions were improperly raised for the first time in the father's reply papers, which the Support Magistrate had not authorized the father to submit in further support of his motion, inter alia, to vacate the support order and the order of disposition (see 22 NYCRR 202.8-d).
The parties' remaining contentions are without merit.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court